PER CURIAM.
The Florida Bar’s Family Law Rules Committee (Committee) has filed a “fast-track” report proposing amendments to the Florida Family Law Rules of Procedure Forms in order to implement the 2010 legislative amendments adopted in chapter 2010-199, sections 3 and 5, Laws of Florida. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
Under the Committee’s “fast-track” procedure for considering new legislation, the Committee proposes amendments to Florida Family Law Rules of Procedure Forms 12.902(e) (Child Support Guidelines Worksheet) and 12.996(a) (Income Deduction Order (Non-Title IV Case)).[1] The Florida Bar Board of Governors unanimously approved the Committee’s proposals. The proposed amendments are in response to chapter 2010-199, sections 3 and 5, Laws of Florida, which amend numerous provisions within chapter 61, Florida Statutes, pertaining to alimony and child support.[2] With regard to forms 12.902(e) and 12.996(a), the amendments require: removal of the first three combined net income amounts in the guidelines schedule; the elimination of the twenty-five percent reduction in calculating monthly child care costs to be added to the basic child support obligation; a decrease from forty percent *26 to twenty percent of the overnights in a year that a parent must have with a child to qualify as a “substantial amount of time” for time-sharing (formerly visitation) purposes; and the addition of a “Child Support Reduction/Termination Schedule” to income deduction orders issued after October 1, 2010.
After considering the Committee’s proposals and reviewing the relevant legislation, we amend forms 12.902(e) and 12.996(a) as reflected in the appendix to this opinion. The forms are fully engrossed and ready for use. The amendments to form 12.902(e) shall take effect on January 1, 2011, at 12:01 a.m.; the amendments to form 12.996(a) shall take effect on October 1, 2010, at 12:01 a.m. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3] It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(e), CHILD SUPPORT GUIDELINES WORKSHEET (01/11)
When should this form be used?
You should complete this worksheet if child support is being requested in your case. If you know the income of the other party, this worksheet should accompany your financial affidavit. If you do not know the other party’s income, this form must be completed after the other party flies his or her financial affidavit, and serves a copy on you.
This form should be typed or printed in black ink. You should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.
What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information, see section 61.30, Florida Statutes.
Special notes...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petition *27 er’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
The chart below contains the guideline amounts that you should use when calculating child support. This amount is based on the number of children and the combined income of the parents, and it is divided between the parents in direct proportion to their income or earning capaeity. From time to time, some of the amounts in the child support guidelines chart will change. Be sure you have the most recent version of the chart before using it.
Because the guidelines are based on monthly amounts, it may be necessary to convert some income and expense figures from other frequencies to monthly. You should do this as follows:
If payment is twice per month = Monthly amount Payment amount x 2
Yearly amount due If payment is every two weeks Payment amount tO 05 X
Monthly amount Yearly amount tO -I-
Yearly amount due If payment is weekly Weekly amount 07 tO X
Monthly amount Yearly amount t — ‘ tO •I*
If you or the other parent request that the court award an amount that is different than the guideline amount, you must also complete and attach a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.948.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
CHILD SUPPORT GUIDELINES CHART
[[Image here]]
*28 [[Image here]]
*29 [[Image here]]
*30 [[Image here]]
*31 IN THE CIRCUIT COURT OF THE _ JUDICIAL CIRCUIT, IN AND FOR _ COUNTY, FLORIDA
[[Image here]]
NOTICE OF FILING CHILD SUPPORT GUIDELINES WORKSHEET
PLEASE TAKE NOTICE, that {name} _, is filing his/ her Child Support Guidelines Worksheet attached and labeled Exhibit 1.
CERTIFICATE OF SERVICE
I certify that a copy of this Notice of Filing with the Child Support Guidelines Worksheet was [check one only] () mailed () faxed and mailed () hand delivered to the person(s) listed below on {date}
[[Image here]]
[[Image here]]
*32 [[Image here]]
*33 [[Image here]]
*34 [[Image here]]
*35 [[Image here]]
*36 [[Image here]]
ADJUSTMENTS TO GUIDELINES AMOUNT. If you or the other parent is requesting the Court to award a child support amount that is more or less than the child support guidelines, you must complete and file Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943.
[check one only]
a. _Deviation from the guidelines amount is requested. The Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, is attached.
b. Deviation from the guidelines amount is NOT requested. The Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, is not attached.
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _, a nonlawyer, located at {street} -, {city} _ {state} , {phone} _, helped {name} _, who is the [check one only] _petitioner or respondent, fill out this form.
*37 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.996(a), INCOME DEDUCTION ORDER (10/10)
When should this form be used?
This form should be used in non-Title IVD cases when the court has ordered that support be paid by the obligor’s payor through an income deduction order.
This form includes several blanks that must be filled in as applicable. The obli-gor is the person who is obligated to pay the support ordered by the court and the obligee is the person entitled to receive the support awarded by the court.
In Paragraph 1, one of the three lines must be checked off. The court order that establishes the support award and/or the settlement or mediation agreement entered into between the parties should state the effective date of the Income Deduction Order. The appropriate effective date should be checked off in Paragraph 1.
The blank lines in Paragraph 2 should be completed tracking the same terms of support as are in the court order that establishes the support award and/or the settlement or mediation agreement. The first blank in each line should state the amount of the support payment and the second blank in each line should state the time period that covers said support award. For example, if the child support is $100 per month the first blank would say $ “100 ” and the second blank in that line would say “month ”. Similarly, if the payments are to be payable weekly, then the second blank would say “week ”. If there are any arrearages owed at the time the Income Deduction Order is entered, they must be included in the line for arrears, along with the amount and frequency of the payments due for the arrears, which shall be no less than 20% of the current support obligation. If the payments are to be payable through the State Disbursement Unit, the actual dollar amount of the service fee for the support awarded in your case (4% of each payment not to exceed $5.25 per payment) should be included on the appropriate line.
Paragraph 6 must be completed to show what percentage, if any, of a one-time payment made to the obligor should be applied to any arrearage in support that may be due to the obligee.
You must complete the schedule in paragraph 7 to show the amount of child support for all the minor children at the time of the entry of this order and the amount of the child support that will be owed for any remaining child(ren) after one or more of the children are no longer entitled to receive child support. You should also show in the schedule the day, month, and year that the child support obligation terminates for each minor child. The date child support terminates should be listed as the child’s 18th birthday unless the court has found that section 743.07(2), Florida Statutes, applies, or the parties have otherwise agreed to a different date. You should use the record existing at the time of this order for the basis of computing all child support obligations.
What should I do next?
For this order to be effective, it must be signed by the judge. This form should be typed or printed in black ink. After completing this form, you must first send a copy to the other party or his or her attorney, if he or she is represented by an attorney, for approval or objection to the form before you send it to the judge assigned to your case. If the opposing party or his or her attorney, if represented, approves the form order, you may send the original proposed order and two copies to the judge assigned to your case with a *38 letter telling the judge that you have first sent a copy of this proposed order to the opposing counsel or party, if unrepresented, and that they have no objection to the judge signing this order. If the other party or his or her attorney, if represented, has an objection to the proposed order as completed by you, you must tell the judge that you have sent a copy of this proposed order to the opposing party or his or her counsel, if represented, and that they specifically object to the entry of the proposed form Income Deduction Order. You must also send stamped self-addressed envelopes to the judge addressed to you and the opposing party or his or her attorney, if represented. You should keep a copy for your own records. If the judge signs the Income Deduction Order, the judge will mail you and the opposing party (or their attorney) copies of the signed order in the envelopes you provide to the court.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions are defined there. For further information see section 61.1301, Florida Statutes.
Special Instructions ...
When the Income Deduction Order becomes effective (either immediately or delayed until arrearage), you must then also send a copy of the Income Deduction Order to the obligor’s employer along with a Notice to Payor, Florida Family Law Rules of Procedure Form 12.996(b), for the Income Deduction Order to take effect.
It is your responsibility to determine what extra steps and/or forms, if any, must be taken, supplied, and/or filed to insure the Income Deduction Order is implemented.
Remember, a person who is NOT an attorney is called a nonlawyer. If a non-lawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
INCOME DEDUCTION ORDER (Non-Title IV-D Case)
TO: ANY PRESENT OR SUBSEQUENT EMPLOYERS/PAYORS OF OB-LIGOR
{name}_
YOU ARE HEREBY ORDERED to make regular deductions from all income due and payable to the above-named obli-gor in accordance with the terms of this order as follows:
1. This Income Deduction Order shall be effective
[Choose only one]
_ immediately.
*39 _ upon a delinquency in the amount of $_ but not to exceed one month’s payment, pursuant to the order establishing, enforcing, or modifying the obligation.
_ beginning {date}
2. You shall deduct:
$_per_for child support. Child support shall be automatically reduced or terminated consistent with the schedule in paragraph 7.
$_per_for permanent alimony
$_ per _ for rehabilitative alimony
$_per_for_ arrears totaling $_
The deduction for arrears shall be no less than 20% of the current support obligation. After the full amount of any arrears is paid, you shall deduct for attorneys’ fees and costs owed until the full amount is paid.
$_ per _ for attorneys’ fees and costs totaling $_
$_ per _ for State of Florida Disbursement Unit fee (4% of each payment not to exceed $5.25 per payment)
$_Total amount of income to be deducted each pay period
3. You shall pay the deducted amount to the “State of Florida Disbursement Unit”, and mail it to the State of Florida Disbursement Unit P.O. Box 8500, Tallahassee, FL 32314-8500, (tel.) (877) 769-0251. All payments must include the obligor’s name (last, middle, first), obli-gor’s social security number, obligee’s name (last, middle, first), name of county where court order originated, and case number. All payments must be made by check, money order, cashier’s check, certified check, or through the Internet with access provided by the State of Florida www.floridasdu.com. No credit will be given for any payments made directly to the obligee without a court order permitting direct payments.
4. If a delinquency accrues after the order establishing, modifying, or enforcing the obligation has been entered and there is no order for repayment of the delinquency or a preexisting arrearage, a payor shall deduct an additional 20 percent of the current support obligation or other amount agreed to by the parties until the delinquency and any attorneys’ fees and costs are paid in full. No deduction may be applied to attorneys’ fees and costs until the delinquency is paid in full.
5. You shall not deduct in excess of the amounts allowed under the Consumer Credit Protection Act, 15 U.S.C. § 673(b), as amended.
6. You shall deduct (Choose only one) () the full amount, ()_%, or () none of the income which is payable to the obli-gor in the form of a bonus or other similar one-time payment, up to the amount of arrearage reported in the Income Deduction Order or the remaining balance thereof, and forward the payment to the State of Florida Disbursement Unit. For purposes of this subpar-agraph, “bonus” means a payment in addition to an obligor’s usual compensation and which is in addition to any amounts contracted for or otherwise legally due and shall not include any commission payments due an obligor.
7. Child Support Reduction/Termination Schedule. Child support shall be automatically reduced or terminated as set forth in the following schedule:
*40 [[Image here]]
[[Image here]]

(Continue on additional pages for additional children)

8. This Income Deduction Order shall remain in effect so long as the underlying order of support is effective or until further order of the court.

STATEMENT OF OBLIGOR’S RIGHTS, REMEDIES, AND DUTIES

9. The obligor is required to pay all amounts and fees specified within this Income Deduction Order.
10. The amounts deducted may not be in excess of that allowed under the Consumer Credit Protection Act, 15 U.S.C. § 1673(b) as amended.
11. This income deduction order applies to all of the obligor’s current and subsequent payors and periods of employment.
*41 12. A copy of the Income Deduction Order will be served upon the obligor’s payor or payors.
13. Enforcement of the Income Deduction Order may only be contested on the ground of mistake of fact regarding the amount owed pursuant to the order establishing, enforcing, or modifying the obligation, the arrearages, or the identity of the obligor, the payor, or the obli-gee.
14. The obligor is required to notify the obligee and, when the obligee is receiving IV-D services, the IV-D agency, within 7 days of any changes in the obligor’s address, payors, and the addresses of the obligor’s payors.
15. In a Title IV-D case, if an obligation to pay current support is reduced or terminated due to emancipation of a child and the obligor owes an arrearage, retroactive support, delinquency, or costs, income deduction continues at the rate in effect immediately prior to emancipation until all arrearages, retroactive support, delinquencies, and costs are paid in full or until the amount of withholding is modified.
ORDERED on
CIRCUIT JUDGE
COPIES TO:
Obligee
Obligor
Other: .

. Form 12.996(a), as amended, is titled Income Deduction Order (Non-Title IV-D Case).

. Chapter 2010-199, section 3, Laws of Florida, is effective October 1, 2010. See Ch. 2010-199, § 3, Laws of Fla. Chapter 2010-199, section 5, Laws of Florida is effective January 1, 2011. See Ch. 2010-199, § 6, Laws of Fla.

. An original and nine paper copies of all comments must be filed with the Court on or before November 22, 2010, with a certificate of service verifying that a copy has been served on the committee chair, Steven Patrick Combs, 3217 Atlantic Boulevard, Jacksonville, Florida, 32207-8901, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until December 13, 2010, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).