PER CURIAM.
 

 In the September 23, 2010, opinion entered in this case, the Court adopted amendments to Florida Family Law Rules of Procedure Forms 12.902(e) (Child Support Guidelines Worksheet) and 12.996(a) (Income Deduction Order (Non-Title IV-D Case)), as proposed by the Florida Bar’s Family Law Rules Committee (Committee) to implement 2010 legislative amendments adopted in chapter 2010-199, sections 3 and 5, Laws of Florida.
 
 See In re Amendments to the Fla. Family Law Rules of Procedure,
 
 48 So.3d 25 (Fla.2010).
 
 [1]
 
 Because the amendments to forms 12.902(e) and 12.996(a) were adopted pursuant to the Committee’s “fast-track” procedure and were not published for comment prior to, their adoption, the opinion invited interested persons to provide comments on the amended forms within sixty days. The Court received one comment from the Florida Department of Revenue (DOR), specifically addressing form 12.996(a). The Committee also provided additional input in its response to DOR’s comment.
 

 Upon consideration of the comment and the response from the Committee, we amend the instructions to Florida Family Law Rules of Procedure Form 12.996(a) as reflected in the appendix to this opinion, to clarify that orders for immediate income deduction must be paid through the State Disbursement Unit. However, we otherwise decline to amend form 12.996(a) as suggested in DOR’s comment. The form is fully engrossed and ready for use. The form may also be accessed and downloaded from the Florida State Court’s website at www.flcourts.org/gen_public/family/forms_ rules/index.shtml. The amendments shall become effective immediately upon release of this opinion.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.996(a), INCOME DEDUCTION ORDER (06/11)
 

 When should this form be used?
 

 This form should be used in non-Title IVD cases when the court has ordered that support be paid by the obligor’s payor through an income deduction order.
 

 This form includes several blanks that must be filled in as applicable. The obli-gor is the person who is obligated to pay the support ordered by the court and the obligee is the person entitled to receive the support awarded by the court.
 

 In Paragraph 1, one of the three lines must be checked off. The court order that establishes the support award and/or the settlement or mediation agreement entered into between the parties should state the effective date of the Income Deduction Order. The appropriate effective date should be checked off in Paragraph 1.
 

 The blank lines in Paragraph 2 should be completed tracking the same terms of support as are in the court order that establishes the support award and/or the settlement or mediation agreement. The first blank in each line should state the amount of the support payment and the second
 
 *861
 
 blank in each line should state the time period that covers said support award. For example, if the child support is $100 per month the first blank would say $
 
 “100"
 
 and the second blank in that line would say
 
 “month".
 
 Similarly, if the payments are to be payable weekly, then the second blank would say
 
 “week
 
 ”. If there are any arrearages owed at the time the Income Deduction Order is entered, they must be included in the line for arrears, along with the amount and frequency of the payments due for the arrears, which shall be no less than 20% of the current support obligation. All orders for immediate income deduction must be paid through the State Disbursement Unit. The actual dollar amount of the service fee for the support awarded in your case (4% of each payment not to exceed $5.25 per payment) should be included on the appropriate line.
 

 Paragraph 6 must be completed to show what percentage, if any, of a one-time payment made to the obligor should be applied to any arrearage in support that may be due to the obligee.
 

 You must complete the schedule in paragraph 7 to show the amount of child support for all the minor children at the time of the entry of this order and the amount of the child support that will be owed for any remaining child(ren) after one or more of the children are no longer entitled to receive child support. You should also show in the schedule the day, month, and year that the child support obligation terminates for each minor child. The date child support terminates should be listed as the child’s 18th birthday unless the court has found that section 743.07(2), Florida Statutes, applies, or the parties have otherwise agreed to a different date. You should use the record existing at the time of this order for the basis of computing all child support obligations.
 

 What should I do next?
 

 For this order to be effective, it must be signed by the judge. This form should be typed or printed in black ink. After completing this form, you must first send a copy to the other party or his or her attorney, if he or she is represented by an attorney, for approval or objection to the form before you send it to the judge assigned to your case. If the opposing party or his or her attorney, if represented, approves the form order, you may send the original proposed order and two copies to the judge assigned to your case with a letter telling the judge that you have first sent a copy of this proposed order to the opposing counsel or party, if unrepresented, and that they have no objection to the judge signing this order. If the other party or his or her attorney, if represented, has an objection to the proposed order as completed by you, you must tell the judge that you have sent a copy of this proposed order to the opposing party or his or her counsel, if represented, and that they specifically object to the entry of the proposed form Income Deduction Order. You must also send stamped self-addressed envelopes to the judge addressed to you and the opposing party or his or her attorney, if represented. You should keep a copy for your own records. If the judge signs the Income Deduction Order, the judge will mail you and the opposing party (or their attorney) copies of the signed order in the envelopes you provide to the court.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” in these instructions
 
 *862
 
 are defined there. For further information see section 61.1301, Florida Statutes.
 

 Special Instructions ...
 

 When the Income Deduction Order becomes effective (either immediately or delayed until arrearage), you must then also send a copy of the Income Deduction Order to the obligor’s employer along with a Notice to Payor, Florida Family Law Rules of Procedure Form 12.996(b), for the Income Deduction Order to take effect.
 

 It is your responsibility to determine what extra steps and/or forms, if any, must be taken, supplied, and/or filed to insure the Income Deduction Order is implemented.
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 
 *863
 
 IN THE CIRCUIT COURT OF THE IN AND FOR_ _JUDICIAL CIRCUIT, _COUNTY, FLORIDA
 

 Case No:__
 

 Division:_
 

 Petitioner,
 

 and
 

 Respondent
 

 INCOME DEDUCTION ORDER (Non-Title IV-D Case)
 

 TO: ANY PRESENT OR SUBSEQUENT EM PLOYERS/PAYORS OF 0 BLIGOR
 

 {name}____
 

 YOU ARE HEREBY ORDERED to make regular deductions from all Income due and payable to the above-named obligor In accordance with the terms of this order as follows:
 

 1. This Income Deduction Order shall be effective
 

 (Choose only one]
 

 _ Immediately.
 

 _ upon a delinquency In the amount of $__but not to exceed one month's payment, pursuant to the order establishing, enforcing, or modifying the obligation.
 

 _ beginning {date}_.
 

 2. You shall deduct:
 

 $_per_for child support. Child support shall be automatically reduced or terminated consistent with the schedule In paragraph 7.
 

 $_per_for permanent alimony
 

 $_per_ for rehabilitative alimony
 

 $_per_ for_arrears totaling $_
 

 The deduction for arrears shall be no less than 20% of the current support obligation. After the full amount of any arrears is paid, you shall deduct for attorneys' fees and costs owed until the full amount Is paid.
 

 $_per__ for attorneys' fees and costs totaling $_
 

 $_per_for State of Florida Disbursement Unit fee (4% of each payment not to exceed $5.25 per payment]
 

 Florida Family Law Rules of Procedure Form 12.996(a), Income Deduction Order (06/11)
 

 
 *864
 
 $_Total amount of income to be deducted each pay period
 

 3. You shall pay the deducted amount to the "State of Florida Disbursement Unit", and mail it to the State of Florida Disbursement Unit P.O. Box 8500, Tallahassee, FL 32314-8500, (tel.) (877) 769-0251. All payments must include the obligor's name (last, middle, first), obligor's social security number, obligee’s name (last, middle, first), name of county where court order originated,
 
 and case number.
 
 All payments must be made by check, money order, cashier's check, certified check, or through the Internet with access provided by the State of Florida www.flortdasdu.com. No credit will be given for any payments made directly to the obligee without a court order permitting direct payments.
 

 4. If a delinquency accrues after the order establishing, modifying, or enforcing the obligation has been entered and there is no order for repayment of the delinquency or a preexisting arrearage, a payor shall deduct an additional 20 percent of the current support obligation or other amount agreed to by the parties until the delinquency and any attorneys' fees and costs are paid in full. No deduction may be applied to attorneys' fees and costs until the delinquency Is paid in full.
 

 5. You shall not deduct in excess of the amounts allowed under the Consumer Credit Protection Act, 15 U.S.C. §673(b), as amended.
 

 6. You shall deduct (Choose only one) ( ) the full amount, ( )_%, or( ) none of the income which is payable to the obligor in the form of a bonus or other similar one-time payment, up to the amount of arrearage reported in the Income Deduction Order or the remaining balance thereof, and forward the payment to the State of Florida Disbursement Unit. For purposes of this subparagraph, "bonus" means a payment in addition to an obligor's usual compensation and which is in addition to any amounts contracted for or otherwise legally due and shall not Include any commission payments due an obligor.
 

 7. Child Support Reduction/Termination Schedule. Child support shall be automatically reduced or terminated as set forth in the following schedule:
 

 [[Image here]]
 

 Florida Family Law Rules of Procedure Form 12.996(a), Income Deduction Order (06/11)
 

 
 *865
 
 [[Image here]]
 

 (Continue on additional pages for additional children)
 

 8. This Income Deduction Order shall remain in effect so long as the underlying order of support is effective or until further order of the court.
 

 STATEMENT OF OBLIGORS RIGHTS. REMEDIES. AND DUTIES
 

 9. The obligor is required to pay all amounts and fees specified within this Income Deduction Order.
 

 10. The amounts deducted may not be in excess of that allowed under the Consumer Credit Protection Act, 15 U.S.C. §1673(b) as amended.
 

 11. This income deduction order applies to all of the obligor's current and subsequent payors and periods of employment.
 

 12. A copy of the Income Deduction Order will be served upon the obligor's payor or payors.
 

 Florida Family Law Rules of Procedure Form 12.996(a), Income Deduction Order (06/11)
 

 
 *866
 
 13. Enforcement of the Income Deduction Order may only be contested on the ground of mistake of fact regarding the amount owed pursuant to the order establishing, enforcing, or modifying the obligation, the arrearages, or the identity of the obligor, the payor, or the obligee.
 

 14. The obligor is required to notify the obligee and, when the obligee is receiving IV-D services, the IV-D agency, within 7 days of any changes in the obligor’s address, payors, and the addresses of the obligor's payors.
 

 15. In a Title IV-D case, if an obligation to pay current support is reduced or terminated due to emancipation of a child and the obligor owes an arrearage, retroactive support, delinquency, or costs, income deduction continues at the rate in effect Immediately priorto emancipation until all arrearages, retroactive support, delinquencies, and costs are paid in fuli or until the amount of withholding is modified.
 

 ORDERED on.
 

 CIRCUIT JUDGE
 

 COPIES TO: Obligee Obligor Other:_
 

 Florida Family Law Rules of Procedure Form 12.996(a), Income Deduction Order (06/11)
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).